IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

CIVIL ACTION NO:

JOHN SCHOMAEKER,

    Plaintiff,

vs.

TRUENET COMMUNICATIONS CORP.,
COX ENTERPRISES, INC.,
COX COMMUNICATIONS, INC.
COX COMMUNICATIONS GEORGIA, LLC.,

    Defendants.
_____/

## **COMPLAINT**
*[Jury Trial Demanded]*

Plaintiff, JOHN SCHOMAEKER (Hereinafter "Plaintiff"), for this Complaint against Defendants, TRUENET COMMUNICATIONS CORP., COX ENTERPRISES, INC., COX COMMUNICATIONS, INC. AND COX COMMUNICATIONS GEORGIA, LLC. (Hereinafter and Collectively "Defendants") states and alleges the following:

### **SUMMARY**

1. Defendants required and/or permitted Plaintiff to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the pendent state law contract claim pursuant to 28 U.S.C. §1367.

5. Venue is proper in this judicial district because Defendant engages in business and maintains its principal place of business here.

## THE PARTIES

6. Defendant TRUENET COMMUNICATIONS CORP. is a foreign corporation incorporated in the State of Florida which conducts and maintains an office in Atlanta, Georgia.

7. Defendant COX ENTERPRISES, INC., is a foreign corporation incorporated in the State of Delaware which conducts and maintains an office in Atlanta, Georgia.

8. Defendant COX COMMUNICATIONS, INC., is a foreign corporation incorporated in the State of Delaware which conducts and maintains an office in Atlanta, Georgia.

9. Defendant COX COMMUNICATIONS GEORGIA, LLC., is a foreign limited liability company incorporated in the State of Delaware which conducts and maintains an office in Atlanta, Georgia.

## COVERAGE

10. Defendant TRUENET COMMUNICATIONS CORP. is an enterprise that engages in commerce or in the production of goods for commerce.

11. Defendants, COX ENTERPRISES, INC., COX COMMUNICATIONS, INC. and COX COMMUNICATIONS GEORGIA, LLC. are enterprise that engaged in commerce or in the production of goods for commerce.

12. Defendants acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

13. Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

14. Defendants have each had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

15. In furtherance of Defendants' business, Defendants conducted business throughout the United States and Defendants' employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

### FACTUAL ALLEGATIONS

16. Defendant TRUENET COMMUNICATIONS CORP. engaged in the business of telecommunications technical support and staffing to its customers and provided staffing services to COX ENTERPRISES, INC., COX COMMUNICATIONS, INC. and COX COMMUNICATIONS GEORGIA, LLC. which are all collectively engaged in the business of providing fiber optic and other communications services throughout the United States.

17. At all times material hereto, both Defendants TRUENET COMMUNICATIONS CORP. and COX ENTERPRISES, INC., COX COMMUNICATIONS, INC. and COX COMMUNICATIONS GEORGIA, LLC. jointly controlled Plaintiff's employment thereby qualifying them as joint employers as more fully defined by 29 C.F.R. 791.2(a).

18. Plaintiff began working for Defendants on or about April 1, 2015 as an hourly Project Radio Engineer and continued employment with Defendant until about December 17, 2016.

19. Plaintiff approximates that he worked on average of 65-70 hours per week for Defendants.

20. Defendants agreed to compensate Plaintiff at $50.00 per hour worked for every hour worked.

21. Defendants failed to pay Plaintiff anything for hours worked in excess of 40 hours per week.

22. Defendants knowingly caused and/or permitted the underreporting and recording of incorrect hours worked resulting in Plaintiff being underpaid his straight and overtime pay.

23. Plaintiff did not properly receive overtime compensation for hours exceeding forty in a workweek in violation of and as contemplated by the FLSA.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**(OVERTIME – ALL DEFENDANTS)**

24. Plaintiff incorporates all allegations contained in the preceding paragraphs.

25. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

26. Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

27. Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

28. As a result of Defendants' failure to compensate its employees, including Plaintiff, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

29. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

30. Additionally, Plaintiff is entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

31. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

32. Alternatively, should the Court find Defendants acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

33. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for the following:

    a. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times the regular rate;

    b. an equal amount as liquidated damages as allowed under the FLSA;

    c. damages accrued up to three years;

    d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

    e. pre-judgment and post judgment interest at the highest rates allowed by law; and

    f. such other relief as to which Plaintiff may be entitled.

## COUNT II
## VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA
## (AS TO TRUENET COMMUNICATIONS CORP.)

34. Plaintiff reavers and realleges paragraphs 1-23 herein.

35. Plaintiff demanded from Defendant payment of his overtime pay.

36. In response to said demand for overtime pay, despite previously intending to renew Plaintiff's contract, Defendant instead terminated and/or non-renewed same in retaliation for same.

37. Plaintiff's termination was in response to Plaintiff's objections and protestations where Defendant retaliated against Plaintiff and fired Plaintiff and/or or declined to renew his contract in violation of 29 U.S.C. sections 215(a)(3).

WHEREFORE, Plaintiff, demands judgment against Defendant including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), award of cost, fees and such other remedy as the court deems just and appropriate.

## COUNT III
## BREACH OF EXPRESS ORAL AND/OR WRITTEN CONTRACT
## (AS TO TRUENET COMMUNICATIONS CORP.)

38. Plaintiff reavers and realleges paragraphs 1-23 herein.

39. Plaintiff entered into an express written and/or oral contract with Defendant for payment of wages. Plaintiff is not in possession of same but will obtain same through discovery.

40. Plaintiff worked for Defendant and did not receive the compensation promised.

41. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorney's fees and

costs incurred pursuant to O.C.G.A. § 34-5-5 and any and all further relief this Court deems just and appropriate.

                                              Respectfully submitted,

Law Offices of Goldberg & Loren, P.A.
100 S. Pine Island Rd., Suite 132
Plantation, FL 33324
Direct:        469-214-4111
Firm Phone:  (800) 719-1617
Facsimile:    (888) 272-8822
E-Mail:       JLoren@goldbergloren.com

/s/ *James M. Loren*

_____
James M. Loren, Esq.
Attorney for Plaintiff
Bar No.: 551363